FILED
2016 Jun-15  PM 12:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY, a mutual insurance company incorporated, formed and organized under the laws of the State of Michigan,** ) ) ) ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **CIVIL ACTION: CV-_____** |
| **MCMILLAN TRUCKING, INC., an Alabama corporation; JAMIE BRASHER, an individual; CHRISTOPHER JONES, an individual; KENNETH JACKSON, an individual,** ) ) ) ) ) ) ) ) | |
| **Defendants.** ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF

Plaintiff, Auto-Owners Insurance Company, pursuant to Rule 5(a), Fed. R. Civ. P., files this Complaint for Declaratory Judgment seeking a determination and judicial declaration that it owes no coverage for the claims asserted against McMillan Trucking, Inc., and Jamie Brasher in the matter styled *Christopher Jones and Kenneth Jackson v. Scott Davis Chip Mill, et al.,* Case No.: 7:15-CV-00661-TMP, pending in the United States District Court for the Northern District of Alabama, Western Division, under primary and umbrella liability policies issued

by Auto-Owners to McMillan Trucking, Inc.  In support of the relief requested herein, Plaintiff Auto-Owners avers and alleges the following:

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff Auto-Owners Insurance Company (hereinafter "Auto-Owners"), is a mutual insurance company incorporated, formed and organized under the laws of the State of Michigan, whose principal place of business is located in the State of Michigan. Plaintiff Auto-Owners is not incorporated, formed or organized in the State of Alabama, and it does not have its principal place of business in the State of Alabama. Plaintiff Auto-Owners is licensed to do business in the State of Alabama.

2.      Defendant McMillan Trucking, Inc. (hereinafter "the Named Insured" and/or "McMillan Trucking") is an Alabama corporation incorporated under the laws of the State of Alabama, whose principal place of business is located in Bibb County, Alabama.  Defendant McMillan Trucking is not incorporated in the State of Michigan, and does not have its principal place of business in the State of Michigan.

3.      Defendant Jamie Brasher (hereinafter sometimes referred to as "Brasher") is an individual over the age of 19 years and is a resident citizen of the State of Alabama.  Defendant Brasher is not a resident citizen of the State of

2

Michigan. Defendant Brasher is not an executive officer of McMillan Trucking, and upon information and belief, may not be an employee acting within the scope of his employment by McMillan Trucking for the acts or omissions alleged in the action styled *Christopher Jones and Kenneth Jackson, Plaintiffs v. Scott Davis Chip Mill, et al., Defendants*, Case No. 7:15-CV-00661-TMP.

4.     Defendant Christopher Jones (hereinafter sometimes referred to as "Jones") is an individual over the age of 19 years and is a resident citizen of the State of Alabama. Defendant Jones is not a resident citizen of the State of Michigan.

5.     Defendant Kenneth Jackson (hereinafter sometimes referred to as "Jackson") is an individual over the age of 19 years and is a resident citizen of the State of Alabama. Defendant Jones is not a resident citizen of the State of Michigan.

6.     This is an action for declaratory judgment pursuant to Federal Declaratory Judgment Act 29 U.S.C. §2201, *et seq*. This action also seeks relief under the Alabama Declaratory Judgment Act.

7.     The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand and no/100 ($75,000.00). Jurisdiction is predicated on diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C.

3

§1332.

8.     Venue is proper pursuant to 28 U.S.C. §1391 and 28 U.S.C. §81(a)(5).

9.     The substantive laws of the State of Alabama apply because this case involves alleged coverage under a contract of insurance issued and delivered in the State of Alabama to an Alabama corporation organized under the laws of the State of Alabama.

## NARRATIVE OF UNDERLYING ALLEGATIONS

10.     On April 21, 2015, Defendant Jones and Defendant Jackson filed a lawsuit against Scott Davis Chip Mill; Brett Davis; McMillan Trucking, Inc.; Mike McMillan; and Jamie Brasher in the United States District Court for the Northern District of Alabama Western Division. The suit was styled *Christopher Jones and Kenneth Jackson, Plaintiffs v. Scott Davis Chip Mill, et al., Defendants*, Case No. 7:15-CV-00661-TMP (hereinafter sometimes referred to as "7:15-CV-00661-TMP"). An amended complaint was filed in 7:15-CV-00661-TMP on July 2, 2015. A true and correct copy of the complaint and amended complaint in 7:15-CV-00661-TMP are attached hereto as Exhibit "A" and adopted hereto for reference purposes. The amended complaint in 7:15-CV-00661-TMP (hereinafter sometimes referred to as the "Underlying Amended Complaint") includes the following counts and claims:  Count One: Violation of 42 U.S.C. §1981; Count

4

Two: Conspiracy; Count Three: Racketeering; Count Four: Violation of Civil Rights; Count Five: Conspiracy to Deprive Plaintiffs of Civil Rights; Count Six: Unjust Enrichment; Count Seven: Fraud and Deceit; and Count Eight: Violation of Article I, Section of the Constitution of Alabama. [See Exhibit "A", Underlying Amended Complaint].

11.    The Underlying Amended Complaint alleges Christopher Jones is an African American male who owns and operates a trucking business in Perry County, Alabama. [See ¶1, Underlying Amended Complaint, attached hereto as Exhibit "A" and incorporated by reference].

12.    The Underlying Amended Complaint alleges Kenneth Jackson is an African American male who owns and operates a trucking business in Wilcox County, Alabama. [See ¶2, Exhibit "A", Underlying Amended Complaint].

13.    The Underlying Amended Complaint alleges that "Jamie Brasher … is an employee and agent of Mike McMillan and McMillan Trucking and an agent of Brett Davis and Scott Davis Chip Mill." [See ¶7, Exhibit "A", Underlying Amended Complaint].

14.    The Underlying Amended Complaint alleges that during July and August 2014, Mr. Jones and Mr. Jackson were both hauling wood chips from the

5

Scott Davis Chip Mill in Bibb County, Alabama to Beaumont, Texas. [See ¶8, Exhibit "A", Underlying Amended Complaint].

15.    The Underlying Amended Complaint alleges that "McMillan Trucking was hauling wood chips from the Scott Davis Chip Mill to Dallas County, Alabama and perhaps other places, but not to Texas." [¶9, Exhibit "A", Underlying Amended Complaint].

16.    The Underlying Amended Complaint alleges that "the responsibility to assign particular loads to particular truckers was given to Defendant Jamie Brasher by Scott Davis Chip Mill, Brett Davis, McMillan Trucking and Mike McMillan." [See ¶10, Exhibit "A", Underlying Amended Complaint].

17.    The Underlying Amended Complaint alleges that Defendant "Brasher asked, pressured and threatened … Christopher Jones and Kenneth Jackson to secretly pay $100 in cash for each load they hauled to Beaumont, Texas. [¶11, Exhibit "A", Underlying Amended Complaint]

18.    The Underlying Amended Complaint alleges upon information and belief by Mr. Jones and Mr. Jackson that "only Black drivers hauling to Texas were being asked to kickback $100 per load." [¶13, Exhibit "A", Underlying Amended Complaint].

19.    The Underlying Amended Complaint alleges that after Mr. Jones and Mr. Jackson complained to Brett Davis, truckers with less seniority continued to get loads to haul, but that Mr. Jones and Mr. Jackson were denied loads to haul to Texas or anywhere else. [See ¶¶17-18, Exhibit "A", Underlying Amended Complaint].

20.    The Underlying Amended Complaint alleges that "the illegal actions of Defendant Jamie Brasher benefited all Defendants." [¶20, Exhibit "A", Underlying Amended Complaint].

21.    Count One of the Underlying Amended Complaint alleges Scott Davis Chip Mill, Brett Davis, McMillan Trucking, Mike McMillan, and Jamie Brasher attempted to illegally acquire and/or did illegally acquire money from Mr. Jones and Mr. Jackson, which constitutes a violation of 42 U.S.C. §1981, and that the "[d]efendants illegally obtained or tried to obtain property from the [p]laintiffs, with their consent, by repeated wrongful use of threats and fears in violation of state and federal law." [See ¶22-23, Exhibit "A", Underlying Amended Complaint]. Count One of the Underlying Amended Complaint alleges a violation of 42 U.S.C. §1981 and alleges that "as a result of the [d]efendants' intentional acts, [p]laintiffs were caused to suffer the following injuries: a) loss of business; b) loss of income; c) long term damage to their businesses; d) mental anguish; e)

7

hardship and inconvenience; and f) emotional distress." [¶24, Exhibit "A", Underlying Amended Complaint]

22.    Count Two of the Underlying Amended Complaint adopts by reference the previous allegations of the Underlying Amended Complaint and alleges that the "[d]efendants have contrived, combined, federated and conspired amongst themselves to do the acts herein described in violation of state and federal law [and] "[a]s a result of [d]efendants' intentional acts…[p]laintiffs were caused to suffer … injuries…." [¶¶25-27, Exhibit "A", Underlying Amended Complaint].

23.    Count Three of the Underlying Amended Complaint adopts by reference the previous allegations of the Underlying Amended Complaint and alleges "[d]efendants were engaged in racketeering under 18 U.S.C. §§1961-1964." [¶29, Exhibit "A", Underlying Amended Complaint]. Count Three of the Underlying Amended Complaint also alleges that the "[d]efendants called … [Mr. Jones and Mr. Jackson] on their phones to summon them to get loads with the purpose of extorting funds from them in violation of state and federal law." [¶34, Exhibit "A", Underlying Amended Complaint]. Count Three of the Underlying Amended Complaint also alleges that "[d]efendants jointly conspired to do this in furtherance of their scheme to deprive the [p]laintiffs of their legal rights in

violation of state and federal law." [¶35, Exhibit "A", Underlying Amended Complaint].

24.     Count Four of the Underlying Amended Complaint adopts by reference the previous allegations of the Underlying Amended Complaint and alleges that Mr. Jones and Mr. Jackson "were discriminated against on the basis of race" and that "[t]his discrimination violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and federal statutory law including 42 U.S.C. §1981." [¶38, Exhibit "A", Underlying Amended Complaint]. Count Four of the Underlying Amended Complaint also alleges that "[d]efendants' deprivation of their legal rights was particularly egregious, wanton, willful, and even malicious, such that an award of punitive damages is appropriate…." [¶40, Exhibit "A", Underlying Amended Complaint].

25.     Count Five of the Underlying Amended Complaint adopts by reference the previous allegations of the Underlying Amended Complaint and alleges that the "[d]efendants conspired in Alabama for the purpose of depriving, either directly or indirectly, [p]laintiffs Jones and Jackson, who are African American and part of a protected class, of their civil rights and of the equal protection of the laws, or of equal privileges and immunities pursuant to 42 U.S.C. §1985." [¶¶41-42, Exhibit "A", Underlying Amended Complaint]. Count Five of

9

the Underlying Amended Complaint also alleges that "[d]efendants' deprivation of their rights under Title II of the 1964 Civil Rights Act was particularly egregious, wanton, willful, and even malicious, such that an award of punitive damages is appropriate…." [¶44, Exhibit "A", Underlying Amended Complaint].

26.    Count Six of the Underlying Amended Complaint adopts by reference the previous allegations of the Underlying Amended Complaint and alleges "[d]efendants were unjustly enriched by the [p]laintiffs' provision of kickbacks to them." [¶46, Exhibit "A", Underlying Amended Complaint]. Count Six of the Underlying Amended Complaint also alleges that "[a]s a proximate [result] of the [d]efendants' intentional acts, as set forth in the paragraphs above, [p]laintiffs were caused to suffer … injuries…." [¶47, Exhibit "A", Underlying Amended Complaint].

27.    Count Seven of the Underlying Amended Complaint adopts by reference the previous allegations of the Underlying Amended Complaint and alleges "[d]efendants falsely stated that a monetary kickback was necessary for [plaintiffs] to acquire loads", and that "[d]efendants knew these statements were to be false as they were providing loads to other drivers without demanding kickbacks." [¶¶48-49, Exhibit "A", Underlying Amended Complaint]. Count Seven of the Underlying Amended Complaint also alleges that "[a]s a proximate

[result] of the [d]efendants' intentional acts, as set forth in the above paragraphs, [p]laintiffs were caused to suffer … injuries…." [¶50, Exhibit "A", Underlying Amended Complaint].

28.    Count Eight of the Underlying Amended Complaint adopts by reference the previous allegations of the Underlying Amended Complaint and alleges "[p]laintiffs were discriminated against on the basis of race" and that "[t]his discrimination violated Article I, Section I, of the Alabama Constitution." [¶¶51-52, Exhibit "A", Underlying Amended Complaint]. Count Eight of the Underlying Amended Complaint also alleges that "[d]efendants' deprivation of their legal rights was particularly egregious, wanton, willful, and even malicious, such that an award of punitive damages is appropriate…." [¶54, Exhibit "A", Underlying Amended Complaint].

29.    On January 21, 2016, the Court in 7:15-cv-00661-TMP entered an ordered dismissing all claims against Defendant Mike McMillan (Doc. 42, p. 36). The Court also dismissed all claims against McMillan Trucking except Count One for violation of 42 U.S.C. §1981, prohibiting racial discrimination in contract (Doc. 42, p. 36). The Court also dismissed all claims against Defendant Brasher except Count One, for violation of 42 U.S.C. §1981 prohibiting racial

discrimination in contract, and Count Six as to Plaintiff Jackson's claim for unjust enrichment.  (*See* Doc. 42, p. 36).

## COUNT ONE – DECLARATORY JUDGMENT, COVERAGE POSITION AND REASONS COVERAGE IS NOT OWED UNDER THE AUTO-OWNERS TAILORED PROTECTION POLICY

30.    Auto-Owners adopts by reference and realleges paragraphs 1 through 29 of this Complaint for Declaratory Judgment and Relief as if fully set forth herein.

31.    Auto-Owners is an insurance company that, from July 8, 2014 to July 8, 2015, had in force Auto-Owners Tailored Protection Policy of insurance, policy number 042317-38166625, issued to McMillan Trucking Co., Inc.[1] (the "Named Insured").  The Auto-Owners Tailored Protection Policy (TPP) of insurance contains a Commercial General Liability Coverage (CGL) and a number of limitations, exclusions, conditions, and terms. A true and correct copy of excerpted portions of the applicable coverage forms and endorsements of the above-referenced Tailored Protection Policy (with redacted declaration pages) for the policy term July 8, 2014 to July 8, 2015 (hereinafter sometimes referred to as "TPP") are attached hereto as Exhibit "B" and hereby adopted and incorporated herein by reference and are referred to for the specific policy language.

---

[1] On or about December 12, 2014, the Named Insured for the policy was changed to McMillan Trucking, Inc.

32.     The liability coverage provided under the TPP Policy is limited by and subject to various coverage provisions, endorsements, terms, conditions, limitations, and exclusions.  [Exhibit "B", CGL Coverage].

33.     Defendants McMillan Trucking and Jamie Brasher have filed a notice of claim with Auto-Owners and seek coverage under the Auto-Owners Tailored Protection Policy issued to McMillan Trucking for the claims asserted against them in the matter styled *Christopher Jones and Kenneth Jackson v. Scott Davis Chip Mill, et al.,* Case No.: 7:15-CV-00661-TM, pending in the United States District Court Northern District of Alabama Western Division.

34.     It is the contention and coverage position of Auto-Owners that the Commercial General Liability (CGL) coverage contained in the subject Tailored Protection Policy (Exhibit "B") issued to McMillan Trucking does not provide coverage for the claims asserted by Mr. Jones and Mr. Jackson  against Defendants McMillan Trucking and Jamie Brasher in the Underlying Amended Complaint. Auto-Owners also contends that the claims, damages, and/or allegations asserted or demanded by Mr. Jones and Mr. Jackson  in the Underlying Amended Complaint are not covered and/or are excluded by the insuring agreement, the policy language, terms, conditions, and/or exclusions contained in the Auto-Owners TPP Policy, all of which are adopted by reference. Auto-Owners contends that Auto-

13

Owners does not owe coverage to Defendants McMillan Trucking and/or Jamie Brasher under the TPP Policy for the following reasons, among others:

a.)   Section I, Coverage A (Bodily Injury and Property Damage Liability) of the Commercial General Liability coverage (CGL) contained in the policy [endorsement 55300 (7-05)] only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" as defined in the policy.  Section I, Coverage A of the CGL coverage applies to "bodily injury" and "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory," the "bodily injury" or "property damage" occurs during the policy period, and the "bodily injury" or "property damage" is not known by the insured or an authorized employee to have occurred prior to the policy period.  Because of those policy provisions, the Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP alleges claims or seeks damages that are not covered by the Auto-Owners policy.

b.)   The Commercial General Liability coverage contained in the Auto-Owners insurance policy requires that damages because of property

14

damage or bodily injury be caused by an occurrence.  Occurrence is defined in the Commercial General Liability Coverage as being an "accident, including continuous or repeated exposure to the same general harmful conditions." The Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP asserts claims that do not allege an occurrence as defined in the Auto-Owners insurance policy.

c.)     Auto-Owners' Commercial General Liability coverage only provides coverage for damages the insured is legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the policy applies as defined and limited in the particular coverage contained in the policy.  Except for the damages claimed for mental anguish or emotional distress, damages claimed by the Plaintiffs in the Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP are in the form of damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of bodily injury, property damage, personal injury or advertising injury as defined by the CGL coverage contained in the Auto-Owners' policy of insurance and are not covered by the Auto-Owners insurance policy.

d.)   The Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP seeks the recovery of punitive damages based on intentional discrimination, intentional fraud, or other intentional wrongful conduct. It is Auto-Owners' position that punitive damages or compensatory damages resulting from such intentional discrimination, intentional fraud, and/or other intentional wrongful conduct are not covered under the policy of insurance issued by Auto-Owners or under any coverage contained in such policy.

e.)   The Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP contains claims for intentional discrimination, intentional fraud, and/or other intentional wrongful conduct. Auto-Owners asserts that its policy does not provide coverage for bodily injury or property damage that would be expected or intended from the standpoint of the insured. [*See* exclusion 2.a., Section I, Coverage A of the Commercial General Liability coverage]. Auto-Owners also contends that such intentional acts, intentional discrimination, intentional fraud and/or other intentional wrongful conduct would not constitute an occurrence as defined in the Commercial General Liability coverage.

16

f.)     The policy was issued to McMillan Trucking, Co., Inc., a corporation. Under the CGL coverage, McMillan Trucking, Co., Inc., is an insured, and its executive officers, stockholders, and directors are also insured, but only with respect to their duties as the corporation's officers and directors, or a stockholder's liability as a stockholder.  Employees of the corporation are only insured for acts within the scope of their employment by the corporation, or while performing duties related to the conduct of the corporation's business. No person or organization is insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations. Defendant Brasher has been individually sued in the Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP, and the claims asserted are not related to the conduct of McMillan Trucking, Co., Inc.'s., business and/or for acts within the scope of Defendant Brasher's employment by McMillan Trucking, Co., Inc., and/or while performing duties related to the conduct of the business of McMillan Trucking, Co., Inc.  All or some of the claims alleged against Defendant Brasher do not appear to be for acts of an insured as defined in the insurance policy, and/or are

17

with respect to the conduct of a current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations of the TPP Policy at issue.   Further, Defendant Brasher is not an executive officer or hold any other office or position with the Named Insured that would qualify Defendant Brasher as an insured under the TPP Policy.

g.)   The Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP does not appear to include a claim for breach of contract. However, even if a claim for breach of contract was asserted, the Commercial General Liability coverage of the Auto-Owners insurance policy does not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract".   Further, Auto-Owners' insurance policy does not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the CGL coverage.   The Commercial General Liability coverage also contains a contractual liability exclusion, exclusion 2.b. (Contractual Liability).

h.) The Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP does not allege an advertising or personal injury offense as defined in the CGL coverage contained in the Auto-Owners TPP policy; therefore, the Underlying Amended Complaint does not allege damages because of advertising injury or personal injury. Furthermore, Section I, Coverage B (Personal Injury and Advertising Injury Liability) of the CGL coverage contained in the Auto-Owners Insurance Company Tailored Protection policy contains exclusions which would be applicable to exclude coverage for some or all of the claims alleged in Case No. 7:15-CV-00661-TMP, even if an advertising injury or personal injury, as defined in the policy, was alleged, including exclusion 2.a. (Knowing Violation Of Rights Of Another Or Expected Or Intended Injury), d. (Criminal Acts), e. (Contractual Liability), and f. (Breach Of Contract).

i.) To the extent the Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP may allege liability against any insured under the policy arising out of liability as an employer, Section I, Coverage A contains exclusion 2.e. (Employer's Liability)[as deleted and replaced by endorsement 55513(11-11)], and  exclusion 2.p. (Employment-

19

Related Practices) Liability), and Section 1, Coverage B contains exclusion 2.n. (Employment-Related Practices) Liability) which would be applicable to exclude coverage for some or all of the claims and damages alleged. Section I, Coverage A also contains exclusion 2.o. (Personal Injury And Advertising Injury) which excludes coverage for bodily injury arising out of personal injury or advertising injury.

j.) Auto-Owners further contends that it is against the public policy of the State of Alabama for there to be liability coverage for compensatory or punitive damages for intentional torts or intentional wrongful conduct such as alleged in the Underlying Amended Complaint.

## REQUEST FOR DECLARATORY JUDGMENT AND RELIEF

35. Contrary to the position of Auto-Owners, Defendants McMillan Trucking and/or Jamie Brasher are believed to contend that the CGL Coverage contained in the Auto-Owners TPP policy provides coverage to them for the Underlying Amended Complaint and matters asserted in the case styled *Christopher Jones and Kenneth Jackson v. Scott Davis Chip Mill, et al.,* Case No.: 7:15-CV-00661-TMP, pending in the United States District Court for the Northern

District of Alabama Western Division.

36.    Auto-Owners therefore avers that there exists between the parties a genuine controversy regarding whether there is coverage available to the Defendants under the Auto-Owners TPP policy in question for the matters asserted against the Defendants in the case styled *Christopher Jones and Kenneth Jackson v. Scott Davis Chip Mill, et al.,* Case No.: 7:15-CV-00661-TMP, pending in the United States District Court for the Northern District of Alabama, Western Division. Auto-Owners requests that the Court declare the rights, obligations, and remedies of the parties herein.

37.    Auto-Owners believes and avers that Defendants McMillan Trucking and Jamie Brasher are not entitled to coverage under the Auto-Owners Tailored Protection Policy issued to McMillan Trucking Co., Inc. for the claims asserted against them in the case styled *Christopher Jones and Kenneth Jackson v. Scott Davis Chip Mill, et al.,* Case No.: 7:15-CV-00661-TMP, pending in the United States District Court for the Northern District of Alabama, Western Division.

38.    A justiciable controversy exists.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Auto-Owners prays that this Honorable Court find:

A.    That Auto-Owners Insurance Company does not owe insurance

21

coverage to McMillan Trucking, Inc., and Jamie Brasher under any coverage contained in any CGL Coverage of the TPP insurance policy issued by Auto-Owners Insurance Company for any of the claims or damages asserted in the civil action filed by Christopher Jones and Kenneth Jackson in the United States District Court for the Northern District of Alabama, Western Division, Civil Action No. 7:15-CV-00661-TMP, styled *Jones v. Scott Davis Chip Mill, et al.*;

B.     That Auto-Owners Insurance Company does not have a duty to defend McMillan Trucking, Inc., and Jamie Brasher and that Auto-Owners Insurance Company does not have a duty to pay any damages, judgment or settlement based on events alleged in the civil action filed by Christopher Jones and Kenneth Jackson in the United States District Court for the Northern District of Alabama, Western Division, Civil Action No. 7:15-CV-00661-TMP, styled *Jones v. Scott Davis Chip Mill, et al.*;

C.     That Auto-Owners Insurance Company does not owe insurance coverage, a defense or indemnity to McMillan Trucking, Inc., and Jamie Brasher for any of the claims or damages set forth in the suit filed by Christopher Jones and Kenneth Jackson in the United States

22

District Court for the Northern District of Alabama, Western Division, Civil Action No. 7:15-CV-00661-TM styled *Jones v. Scott Davis Chip Mill, et al.*;

D.   Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Auto-Owners Insurance Company to McMillan Trucking, Inc., and Jamie Brasher with regard to the suit filed by Christopher Jones and Kenneth Jackson and pending in the United States District Court for the Northern District of Alabama, Western Division, Civil Action No. 7:15-CV-00661-TMP, styled *Jones v. Scott Davis Chip Mill, et al.*, and further order that Auto-Owners Insurance Company is not obligated to pay litigation expenses (such as expert witness fees and deposition costs) related to claims not covered by the Policy and to order reimbursement to Auto-Owners Insurance Company for its payment of such costs.

E.   That the Court grant such other, further, different or appropriate relief to which Plaintiff Auto-Owners Insurance Company may be entitled under these premises considered.

## COUNT TWO – DECLARATORY JUDGMENT, COVERAGE POSITION AND REASONS COVERAGE IS NOT OWED UNDER THE AUTO-OWNERS COMMERCIAL UMBRELLA POLICY

23

39.     Auto-Owners adopts by reference and realleges paragraphs 1 through 29 of this Complaint for Declaratory Judgment and Relief as if fully set forth herein.

40.     Auto-Owners is an insurance company that from July 8, 2014 to July 8, 2015, had in force a Commercial Umbrella Insurance Policy of insurance, policy number 45-166-625-02, issued to McMillan Trucking Co., Inc. (the "Named insured").   The Auto-Owners Commercial Umbrella Insurance Policy ("Umbrella Policy") provides umbrella or excess liability insurance coverage for sums the insured becomes legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury (as defined in the policy, to which the insurance applies, subject to all limitations, exclusions, policy terms, conditions and terms contained in the policy). A true and correct copies of excerpted portions of the applicable coverage forms and endorsements of the above-referenced Umbrella Policy (with redacted declaration pages) for the policy term July 8, 2014 to July 8, 2015 are attached hereto as Exhibit "C" and are hereby adopted and incorporated herein by reference and are referred to for the specific policy language.

41.     The liability coverage provided under the Umbrella Policy is limited by and subject to various coverage provisions, endorsements, terms, conditions,

limitations, and exclusions.  [*See* Exhibit "C"].

42.    It is the contention and coverage position of Auto-Owners that the Umbrella Policy (Exhibit "C") issued to McMillan Trucking Co., Inc.,  does not apply or provide coverage for the claims asserted by Mr. Jones and Mr. Jackson against Defendants McMillan Trucking and Jamie Brasher in the Underlying Amended Complaint.  Auto-Owners also contends that the claims, damages and/or allegations asserted or demanded by Mr. Jones and Mr. Jackson  in the Underlying Amended Complaint are not covered and/or are excluded by the insuring agreement, the policy language, terms, conditions and/or exclusions contained in the Auto-Owners Umbrella Policy, all of which are adopted by reference. Auto-Owners contends that Auto-Owner does not owe coverage to Defendants McMillan Trucking and/or Jamie Brasher under the Umbrella Policy for the following reasons, among others:

a.)    The Auto-Owners Umbrella Policy contains endorsement 26800 (7-05). The "Persons and Organizations Insured" section of the Umbrella Policy reads as follows:

**PERSONS AND ORGANIZATIONS INSURED**

Each of the following is an **insured** under this policy to the extent described below:

\* \* \*

25

E.    If **you** are designated in the Declarations as an organization other than a partnership, joint venture or limited liability company:

1.    **You** are an **insured**; and
2.    Any organization **you** newly acquire or form, other than a partnership, joint venture or limited liability company, and over which **you** maintain ownership or majority interest, will qualify as an **insured** if there is no other similar insurance available to that organization. However:

     a.    Coverage under this provision is afforded only until the 90th day after **you** acquire or form the organization or the end of the policy term, whichever is earlier; and

     b.    Coverage does not apply to **bodily injury, property damage, personal injury** or **advertising injury** that occurred before **you** acquired or formed the organization.

F.    Any **executive officer** or director of **yours** while acting within the scope of his or her duties for **you**. **Your** stockholders are **insureds**, but only with respect to their liability as a stockholder.

\* \* \*

I.    Subject to the terms and conditions of this insurance, any other **insured(s)** included in the **scheduled underlying insurance** issued to **you** and shown in the Declarations, but only to the extent that insurance is provided for such other **insured(s)** in the **scheduled underlying insurance**.

However, no person or organization is an **insured** with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named **Insured** in the Declarations.

The Auto-Owners Umbrella Policy was issued to McMillan Trucking Co., Inc., which is a corporation. Under the Umbrella Policy, coverage is provided to the named insured as defined and limited in the Umbrella Policy. Executive officers and directors are also insureds, but only while acting within the scope of their duties for the named insured. Stockholders are insureds, but only with respect to their liability as stockholders. The Umbrella Policy does not provide coverage to someone sued as a mere employee. Furthermore, no person or organization is insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations. Also, Defendant Brasher has been individually sued in the Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP, and the claims asserted are not related to the conduct of McMillan Trucking, Co., Inc.'s., business and/or for acts within the scope of Defendant Brasher's employment by McMillan Trucking, Co., Inc., and/or while performing duties related to the conduct of the business of McMillan Trucking, Co., Inc. as set forth and explained in Count I. Additionally, all or some of the claims alleged against Defendant

27

Brasher may not be for acts of an insured as defined in the Umbrella Policy, and/or may be with respect to the conduct of a current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations of the Umbrella Policy at issue. Regardless, Defendant Brasher is not an executive officer or hold any other office or position with the Named Insured that would qualify Defendant Brasher as an insured under the Umbrella Policy even if the claims asserted against Defendant Brasher are alleged to arise from acts arising out of the line and scope of his employment with McMillan Trucking Co.

b.) The Umbrella Policy only provides coverage for those sums included in the term "ultimate net loss" (as defined in the Umbrella Policy) that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury as defined in the Umbrella Policy, to which the insurance applies caused by an "incident" as defined in the Umbrella Policy (Exhibit "C"). All, or alternatively most, of the allegations of the Underlying Amended Complaint do not appear to allege an incident (i.e. an accident or an offense) as defined in the policy. The Underlying

28

Amended Complaint also does not appear to allege property damage as defined in the Umbrella Policy.  Except for the alleged damages for mental anguish or emotional distress, the alleged damages appear to be damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of "bodily injury" or "property damage" as defined by the Umbrella Policy and are not covered.  Under Alabama law, mental anguish has been interpreted to be a bodily injury in Alabama; however, damages because of bodily injury, including mental anguish, would not be covered under the Umbrella Policy unless the basis of the alleged incident was an "occurrence" which is defined as an accident.  The Underlying Amended Complaint does not seek damages caused by an accident or occurrence.

c.)   The term "incident" is defined in the Umbrella Policy as an accident with respect to bodily injury or property damage, and an offense with respect to personal injury or advertising injury.  Incident is defined in the Umbrella Policy as follows:

I.   **Incident** means either an occurrence or an offense, whichever is the basis of coverage, then:

1.   When coverage applies on an occurrence basis, **incident**

means an accident with respect to:

a.    **Bodily injury**, including damages claimed by any person or organization for care, loss of services or death resulting at anytime from the **bodily injury**; or

b.    **Property damage**

including continuous or repeated exposure to substantially the same general harmful conditions. Continuous or repeated exposure to substantially the same general harmful conditions constitutes one **incident.**

2.    When coverage applies on an offense basis, **incident** means an offense committed by the **insured** resulting in **personal injury** or **advertising injury,** including all such injury sustained by any one person or organization.

The Umbrella Policy defines Advertising Injury, Bodily Injury, Personal Injury and Property Damage as follows:

\* \* \*

B.    **Advertising injury** means injury arising out of one or more of the following offenses:

1.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services in **your advertisement**;

2.    Oral or written publication, in any manner, of material that violates a person's right of privacy in **your advertisement**;

3.    The use of another's advertising idea in **your**

30

**advertisement**; or

4.    Infringing upon another's copyright, **trade dress** or slogan in **your advertisement**.

\* \* \*

E.    **Bodily injury** means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

L.    **Personal Injury** means injury, other than **bodily injury** arising out of one or more of the following offenses:

1.    False arrest, detention or imprisonment;

2.    Malicious prosecution;

3.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises, that a person occupies, committed by or on behalf of its owner, landlord or lessor;

4.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

5.    Oral or written publication of material, in any manner, that violates a person's right to privacy; or

6.    Discrimination or humiliation.

\* \* \*

P.    **Property damage** means:

31

1.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss shall be deemed to occur at the time of the physical injury that caused the loss of use.

2.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **incident** that caused the loss of use.

\* \* \*

The Underlying Amended Complaint does not allege claims based on bodily injury or property damage caused or resulting from an accident. The Underlying Amended Complaint does not allege damages caused by an Advertising Injury. The Underlying Amended Complaint does not allege claims that would be caused or result from a Personal Injury as defined in definition L.1-5. The Underlying Amended Complaint does appear to allege certain claims that may be because of discrimination, but such claims appear to be alleged to have been "caused by or at the direction" of an alleged insured under the Umbrella Policy with knowledge that the act or acts would violate the rights of another and would inflict discrimination. Such discrimination is excluded from coverage under the Umbrella Policy.

d.)   The Underlying Amended Complaint contains claims for damages that are not damages because of bodily injury, property damage,

32

advertising injury or personal injury as those terms are defined and limited in the Umbrella Policy and as quoted above. The complaint does not appear to claim damages because of property damage in that damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of "bodily injury" or "property damage" as defined by the policy are not covered. The Underlying Amended Complaint appears to allege "bodily injury" and mental anguish has been interpreted to be a bodily injury in Alabama; however, damages because of bodily injury, including mental anguish, would not be covered under the Umbrella policy unless the basis of the alleged incident was an "occurrence" which is defined as an accident. Claims alleged for damages because of "bodily injury" or "property damage" which do not result from an accident are not covered under the Umbrella Policy. The Underlying Amended Complaint also includes claims for damages that are not because of an "advertising injury" or "personal injury" as defined in the Umbrella Policy. The Underlying Amended Complaint does appear to include certain claims containing allegations of discrimination and discrimination is contained in the definition of "personal injury".

33

e.)   The Umbrella Policy [form 26800 (7-05)] only provides coverage for sums included in the ultimate net loss that the insured becomes obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies caused by an incident as defined in the Umbrella Policy. (Exhibit "C").  A defense obligation under the Umbrella Policy only arises when the underlying insurance does not apply to an incident which is covered by the Umbrella Policy; and then, only if an incident (as defined in the Umbrella Policy) is alleged and there is coverage under the terms of the Umbrella Policy.

f.)   The Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP contains claims for intentional discrimination, conspiracy, intentional fraud, and/or other intentional wrongful conduct.  All of these claims are alleged to have been committed by an insured with knowledge the acts of discrimination would violate the rights of another. Exclusion R.1 of the Umbrella Policy (Exhibit "C") specifically excludes coverage for personal injury or advertising injury caused by or at the direction of any insured with the knowledge by any insured that the act would violate the rights of another and

34

would inflict personal injury or advertising injury. Exclusion R also specifically excludes advertising injury expected or intended by any insured, but the Underlying Amended Complaint does not appear to allege an advertising injury.

g.) The Underlying Amended Complaint in Case No. 7:15-CV-00661-TMP, contains claims for intentional discrimination, conspiracy, intentional fraud, and/or other intentional wrongful conduct. The Umbrella Policy does not provide coverage for bodily injury or property damage that is expected or intended from the standpoint of the insured. Exclusion M of the Umbrella Policy (Exhibit "C") specifically excludes coverage for bodily injury or property damage that is expected or intended from the standpoint of the insured.

h.) To the extent the Underlying Amended Complaint may allege liability against any insured under the Umbrella Policy arising out of liability as an employer, exclusion L. is applicable to exclude coverage for some or all of the claims and damages alleged. Exclusion L. reads as follows:

\* \* \*

**L.     Bodily injury, personal injury or advertising injury:**

35

1.  To a person arising out of any:

    a.  Refusal to employ a person;

    b.  Termination of a person's employment;

    c.  Employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at a person; or

    d.  Criminal or civil action brought against a person by or at the direction of the **insured** directly or indirectly related to any offense described in **L.1.a., b.** or **c** above; or

2.  Anyone as a consequence of **bodily injury**, **personal injury** or **advertising injury** to a person at whom any of the employment-related practices described in **L.1** above is directed.

This exclusion applies:

1.  Whether the **insured** may be liable as an employer or in any other capacity;

2.  Whether the offense is alleged to arise out of the employment during the course or scope of employment, outside the course or scope of employment or after termination of employment;

3.  Whether directly or indirectly related to a person's prospective, current or past employment; and

4.  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

36

* * *

i.)     Auto-Owners further contends that it is against the public policy of the State of Alabama for there to be liability coverage for compensatory or punitive damages for intentional torts such as alleged in the Underlying Amended Complaint.

## REQUEST FOR DECLARATORY JUDGMENT AND RELIEF

43.     Contrary to the position of Auto-Owners, Defendants McMillan Trucking and/or Jamie Brasher are believed to contend that the Auto-Owners Umbrella Policy provides coverage to them for the Underlying Amended Complaint and matters asserted in the case styled *Christopher Jones and Kenneth Jackson v. Scott Davis Chip Mill, et al.,* Case No.: 7:15-CV-00661-TMP, pending in the United States District Court for the Northern District of Alabama, Western Division.

44.     Auto-Owners therefore avers that there exists between the parties a genuine controversy regarding whether there is coverage available to the Defendants under the Auto-Owners Umbrella Policy in question for the matters asserted against the Defendants in the case styled *Christopher Jones and Kenneth Jackson v. Scott Davis Chip Mill, et al.,* Case No.: 7:15-CV-00661-TMP, pending in the United States District Court for the Northern District of Alabama, Western

Division. Auto-Owners requests that the Court declare the rights, obligations and remedies of the parties herein.

45.     Auto-Owners believes and avers that Defendants McMillan Trucking and Jamie Brasher are not entitled to coverage under the Auto-Owners Umbrella Policy issued to McMillan Trucking Co., Inc. for the claims asserted against them in the case styled *Christopher Jones and Kenneth Jackson v. Scott Davis Chip Mill, et al.,* Case No.: 7:15-CV-00661-TMP, pending in the United States District Court for the Northern District of Alabama, Western Division.

46.     A justiciable controversy exists.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Auto-Owners prays that this Honorable Court find:

A.     That Auto-Owners Insurance Company does not owe insurance coverage to McMillan Trucking, Inc., and Jamie Brasher under any coverage in any Commercial Umbrella Policy issued by Auto-Owners Insurance Company for any of the claims or damages asserted in the civil action filed by Christopher Jones and Kenneth Jackson in the United States District Court for the Northern District of Alabama, Western Division, Civil Action No. 7:15-CV-00661-TMP, styled *Jones v. Scott Davis Chip Mill, et al.*;

38

B.    That Auto-Owners Insurance Company does not have a duty to defend McMillan Trucking, Inc., and Jamie Brasher, and that Auto-Owners Insurance Company does not have a duty to pay any damages, judgment, or settlement based on events alleged in the civil action filed by Christopher Jones and Kenneth Jackson in the United States District Court for the Northern District of Alabama, Western Division, Civil Action No. 7:15-CV-00661-TMP, styled *Jones v. Scott Davis Chip Mill, et al.*;

C.    That Auto-Owners Insurance Company does not owe insurance coverage, a defense, or indemnity to McMillan Trucking, Inc., and Jamie Brasher for any of the claims or damages set forth in the suit filed by Christopher Jones and Kenneth Jackson in the United States District Court for the Northern District of Alabama, Western Division, Civil Action No. 7:15-CV-00661-TM styled *Jones v. Scott Davis Chip Mill, et al.*;

D.    Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Auto-Owners Insurance Company to McMillan Trucking, Inc., and Jamie Brasher with regard to the suit filed by Christopher Jones and Kenneth Jackson and pending in the

39

United States District Court for the Northern District of Alabama, Western Division, Civil Action No. 7:15-CV-00661-TMP, styled *Jones v. Scott Davis Chip Mill, et al.*, and further order that Auto-Owners Insurance Company is not obligated to pay litigation expenses (such as expert witness fees and deposition costs) related to claims not covered by the Policy, and to order reimbursement to Auto-Owners Insurance Company for its payment of such costs.

E.    That the Court grant such other, further, different or appropriate relief to which Plaintiff Auto-Owners Insurance Company may be entitled under these premises considered.

Respectfully submitted this the 15th day of June, 2016.

_____

**JOEL H. PEARSON, ASB-8033-N71J**
*Attorney for Auto-Owners Insurance Company*

**OF COUNSEL:**
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:  (334) 262-7707
Facsimile:   (334) 262-7742
jhpearson@mrplaw.com

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AT THE FOLLOWING ADDRESSES:

McMillan Trucking, Inc.
c/o Michael Troy McMillan, Agent for Service
380 Ingate Road
Centreville, Alabama 35042-4201

      and

McMillan Trucking, Inc.
c/o Michael Troy McMillan, Agent for Service
Route 1
Centreville, Alabama 35042

Jamie Brasher
213 County Road 354
Clanton, Alabama 35045

Christopher Jones
c/o Henry Sanders, his attorney
Chestnut, Sanders, Sanders, & Pettaway, L.L.C.
P.O. Box 1290
Selma, Alabama 36702-1290

Kenneth Jackson
c/o Henry Sanders, his attorney
Chestnut, Sanders, Sanders, & Pettaway, L.L.C.
P.O. Box 1290
Selma, Alabama 36702-1290